# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

MANUEL WILLIAMS,

        **Plaintiff,**

      v.                                **Case No. 08-C-577**

DR. HEIDORN, CYNTHIA THORPE,
and DR. SALIENE,

        **Defendants,**

---

## ORDER

Plaintiff Manuel Williams, who is incarcerated at the Columbia Correctional Institution (CCI), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Pursuant to the Prison Litigation Reform Act (PLRA), plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). Before me is plaintiff's letter stating that he cannot pay the $1.15 initial partial filing fee because he only has $0.62 in his account.

On July 22, 2008, I ordered plaintiff to submit an initial partial filing fee of $1.15 to the Clerk of Court within 21 days. See 28 U.S.C. § 1915(b)(1) ("The court shall assess and, when funds exists, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal"). That fee was calculated by reviewing plaintiff's prisoner trust account statement for the past six months. "A review of this statement reveals that the average monthly deposit into plaintiff's

prison account was $5.74 and the average monthly balance was $0.62. Thus, in accordance with § 1915(b)(1), plaintiff is required to pay an initial partial filing fee of $1.15 (twenty percent of $5.74)." (Court's Order of July 22, 2008, at 2.) In addition, plaintiff was warned that failure to timely pay the initial partial filing fee would result in dismissal of this action.

Plaintiff did not timely pay the initial partial filing fee. Instead, on August 6, 2008, he filed a motion requesting that the court order the Business Office at CCI to submit the $1.15 because apparently that office failed to disburse the money. On September 29, 2008, I granted plaintiff's motion and provided him additional time until October 16, 2008, to pay the initial partial filing fee. Plaintiff was again warned that failure to timely pay the initial partial fee would result in dismissal of this action.

Plaintiff did not pay the initial partial filing fee by October 16, 2008. Rather, on October 9, 2008, he filed his letter stating that he cannot afford to pay the fee because he only has $0.62 in his account.

I construe plaintiff's letter as a request that the initial partial filing fee be waived. The PLRA provides that, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prison has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). In Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997), overruled on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000), the Court of Appeals for the Seventh Circuit concluded that § 1915(b)(4) comes into play only when a prisoner has both no assets and no means by which to pay the initial partial filing fee. Id. Prisoners with periodic income have "means" even when the lack "assets." Id.

2

The calculation of plaintiff's initial partial filing fee was based on the amount of his income over six months.  See 28 U.S.C. § 1915(b)(1).  The fact that he did not have the money on hand at the time he filed this lawsuit does not provide me with the authority to waive the initial partial filing fee.  See Newlin, 123 F.3d at 436.  Plaintiff has failed to pay the initial partial filing fee and he has been warned twice that failure to pay it will result in dismissal of this case.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that this case is dismissed without prejudice for failure to pay the filing fee and that the clerk enter final judgment.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 24 day of October, 2008.


/s_____
LYNN ADELMAN
District Judge

3