# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MANUEL WILLIAMS,**

    **Plaintiff,**

    v.                                                                   Case No. 08-C-577

**DR. HEIDORN, CYNTHIA THORPE,
and DR. SALIENE,**

    **Defendants.**

## ORDER

Plaintiff, a Wisconsin state prisoner who is proceeding pro se, filed a complaint in this court under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), courts must consider prisoner actions dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA. Evans v. Ill. Dep't of Corrs., 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff has accumulated strikes as follows: 1) Williams v. Gorski, Case No. 05-C-31 (E.D. Wis.), dismissed April 5, 2005; 2) Williams v. Bridgewater, Case No. 05-C-405 (E.D.

Wis.), dismissed May 6, 2005; 3) Williams v. Wisconsin, Case. No. 04-C-488-S (W.D. Wis.), dismissed July 20, 2004; 4) Williams v. Ankarlo, Case No. 04-C-489-S (W.D. Wis.), dismissed July 20, 2004; and 5) Williams v. Kallas, Case No. 05-C-381-S (W.D. Wis.), dismissed June 29, 2005. Thus, plaintiff has "struck out" under § 1915(g). However, on the first page of the complaint, plaintiff wrote: "Jury demand - Amend complaint - Imminent danger - I have got 3 strikes." I construe this as plaintiff asserting that is under imminent danger of serious physical injury and thus I will consider whether he qualifies for that exception to the three-strikes rule.

According to the complaint, plaintiff was incarcerated at the Green Bay Correctional Institution (GBCI) at all times relevant. Plaintiff alleges that on approximately November 25, 2005, Wisconsin Department Corrections (DOC) medical personnel, including defendant Cynthia Thorp, permitted an off-site specialist examination based on a recommendation that plaintiff receive an endoscopy due to problems with his gastric reflux disease. Plaintiff alleges that the specialist's findings were negative and that the specialist did not find or diagnose him with reflux. The specialist did state that if "H-pylori" developed again, that prison officials should treat it. According to plaintiff, H-pylori is an infection that causes peptic ulcers. Plaintiff alleges that he reported to medical staff at Columbia Correctional Institution about his "constant throwing up and infrequent stomach pain" and that a doctor prescribed him a drink supplement. However, plaintiff was later transferred to GBCI where the helpful drink supplement was discontinued. He told a doctor that he had H-pylori and the doctor ordered that plaintiff's blood be drawn. Later, a nurse told plaintiff that he was negative for H-pylori and the doctor later confirmed this. Plaintiff alleges that he received inadequate treatment at GBCI for the symptoms of his H-pylori.

2

Plaintiff also alleges that he received inadequate medial treatment for his painful back, for urinating blood, for "crypts" growing out of his tonsils, for a big varicose vein that pops out of his leg when he exercises.

Plaintif claims that defendants were deliberately indifferent to his serious medical needs. He claims that Cynthia Thorp is responsible for the care and medical custody of all inmates in the DOC because she reviews all health complaints. He further claims that defendant Dr. Heidorn is responsible for the care and medical custody of all inmates at GBCI. Plaintiff also claims that defendant Dr. Saliene, a physician at the Columbia Correctional Institution (CCI) responsible for the care and medical custody of all inmates at that institution, told him that she will not see him for all of his medical problems. Dr. Saliene also removed plaintiff from the inflammation pill and told him that it would make his stomach problems worse.

For relief, plaintiff seeks, 1) an order that defendants prescribe him with morphine pain reliever for his spine condition and set an appointment with a specialist; 2) an order that defendants set an appointment with a specialist to treat plaintiff's hypoplastic condition; 3) an order that defendants prescribe plaintiff the drink supplement that will slow down his throwing up of solid food; 4) an order that defendants set an appointment with a throat specialist; 5) an order that defendants set an appointment with a specialist to thoroughly review plaintiff esophagus and perform plastic surgery to reduce future risk of gastric disease; 6) an order that defendants prescribe Tylenol 3 twice a day and other treatment for varicose veins; 7) an order that defendants retest plaintiff for H-pylori and treat with antibiotics if it is found; 8) an order that defendants set an appointment with a tonsil specialist; 9) an order that defendants set an appointment with an asthmatic

3

specialist; 10) and $2 million in punitive damages from each defendant. In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prisoner condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002) and Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Courts deny leave to proceed in forma pauperis under § 1915(g) when a prisoner alleges only a past injury that has not recurred. See Ciarpaglini, 352 F.3d at 330 (citations omitted). In addition, courts deny leave to proceed in forma pauperis when a prisoner's claims of imminent danger are "conclusory or ridiculous." Id. (citing Heimermann v. Litscher, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger); Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger)). However, § 1915(g) is not used to determine the merits of a claim because "[t]his would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim." Ciarpaglini, 352 F.3d at 331.

Plaintiff seeks extensive medical treatment based perceived inadequate medical treatment that he received at GBCI. However, plaintiff is currently incarcerated at CCI and therefore the risk of being subjected to the same treatment is no longer imminent. Moreover, to the extent that plaintiff claims that he is currently under imminent danger due

4

to Dr. Saliene's failure to give him inflammation pills because they would make his other medical problems worse, such claim is ridiculous. A claim that one is in imminent danger of serious physical injury because a doctor will not provide him with medication that might itself cause him serious harm is ridiculous, and therefore does not meet the imminent danger exception. Thus, plaintiff is not under imminent danger of serious physical injury and may not proceed in forma pauperis under that exception to the three-strikes rule.

## CONCLUSION

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is hereby **DENIED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that this action will be dismissed unless plaintiff submits the sum of $348.85 as the balance of the full filing fee in this action to the Clerk of Court on or before **February 9, 2009**.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where plaintiff is confined, and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin 53707-7857.

Dated at Milwaukee, Wisconsin, this 9 day of January, 2009.

/s

LYNN ADELMAN
District Judge