# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MANUEL WILLIAMS,

    Plaintiff,

v.                                  Case No. 08-C-577

DR. HEIDORN, CYNTHIA THORPE,
and DR. SALIENE,

    Defendants.

## ORDER

Plaintiff, a Wisconsin state prisoner, filed this pro se civil right action pursuant to 42 U.S.C. § 1983 along with a petition for leave to proceed in forma pauperis. On January 19, 2009, I denied plaintiff's in forma pauperis petition pursuant to 28 U.S.C. § 1915(g)[1]. Plaintiff subsequently paid the full filing fee and I granted his motion to amend the complaint. I will now review the amended complaint under 28 U.S.C. § 1915A.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are

---

[1] (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger or serious physical injury.

28 U.S.C. § 1915(g).

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual allegations contained in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints. Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

According to the amended complaint, plaintiff was incarcerated at the Columbia Correctional Institution (CCI) and the Green Bay Correctional Institution (GBCI) at all times relevant. As an initial matter, in the first paragraph of the amended complaint, plaintiff alleges that he "amends the complaint to supplement the original complaint." (Am. Compl. at 1.) However, as plaintiff was advised in the Order granting his motion to amend, the amended complaint stands alone - it is complete in itself without reference to any prior complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1066 (7th Cir. 1998). In any case, it appears that for the most part the amended complaint realleges the original complaint allegations.

Defendants are CCI physician Dr. Saliene; GBCI physician Dr. Heidorn; and Bureau of Health Services Coordinator Cynthia Thorp. Plaintiff sues defendants in their individual and official capacities. Plaintiff also alleges that he seeks relief against "all defendants, as well as their agents, assistants, employees, and people acting in concert with them, at their direction, or under their supervision." (Compl. at 3 ¶ 8.) It is not entirely clear what this means. In any event, I will evaluate plaintiffs' claims against the named defendants only. See Myles v. United States, 416 F.3d 551, 551-52 (7th Cir. 2005).

3

The amended complaint sets forth two "Counts." In Count 1, plaintiff alleges that defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment, violated his right to equal protection under the Fourteenth Amendment, and violated his rights under the Americans with Disabilities Act. Count II, which is based on the same allegations, advances state law negligence and medical malpractice claims.

Specifically, plaintiff alleges that the treatment he received for his gastroesophageal reflux disease, tonsil problems, hypoplastic sinus, spinal pain, and urination problems violated his rights. In the course of treating him for these medical conditions, plaintiff alleges that defendants denied him medically prescribed treatment and medication resulting in suffering and pain, and in other instances, ignored his complaints of severe pain. Plaintiff, who is black, also alleges that Dr. Heidorn provided a white inmate with medication that was denied him. Plaintiff asserts that he and this white inmate are similarly situated and he appears to be claiming that the only reason he was denied the medication was the color of his skin. Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.

Based on plaintiff's allegations, he has evidently received medical care for all of these medical conditions. However, "a plaintiff's receipt of <u>some</u> medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was 'so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate' a medical condition." <u>Edwards v. Snyder</u>, 478 F.3d 827, 831 (7th Cir. 2007) (quoting <u>Snipes v. DeTella</u>, 95 F.3d 586, 592 (7th Cir. 1996) (emphasis in original)). Based on the foregoing, plaintiff may proceed on an Eighth Amendment deliberate

4

indifference to a serious medical need claim and a Fourteenth Amendment equal protection claim. He may also proceed on his supplemental state law negligence and medical malpractice claims. See 28 U.S.C. 1367(a). However, plaintiff's allegations do not implicate the Americans with Disabilities Act.

To proceed, plaintiff needs to serve the defendants pursuant to Federal Rule of Civil Procedure 4. To do this, he should follow instructions in the service packet included along with this Order.

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff serve defendants with the amended complaint, pursuant to Federal Rule Civil Procedure 4.

**IT IS FURTHER ORDERED** that the Clerk's Office send plaintiff a service packet.

**IT IS FURTHER ORDERED** that defendants file a response to the amended complaint.

**IT IS ALSO ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

5

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 17 day of July, 2009.

/s_____
LYNN ADELMAN
District Judge