UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MANUEL WILLIAMS,

       Plaintiff,

v.                                                             Case No. 08-CV-577

DR. HEIDORN, CYNTHIA THORPE,
and DR. SALIENE,

       Defendants.

## ORDER

      The plaintiff, Manuel Williams, who is currently incarcerated at the Milwaukee County Correctional Facility - South, filed this pro se civil rights actions pursuant to 42 U.S.C. § 1983 and, after his motion for leave to proceed *in forma pauperis* was denied under 28 U.S.C. § 1915(g), paid the full filing fee. He is proceeding on an Eighth Amendment deliberate indifference to a serious medical need claim, a Fourteenth Amendment equal protection claim, and Wisconsin state law negligence and medical malpractice claims based on the allegations set forth in the April 17, 2009 amended complaint. (Screening Order of July 17, 2009.) The case was reassigned to this court on September 1, 2009.

      On August 5, 2009, the plaintiff filed a motion for preliminary injunction in which he requests that the court grant him "his requested relief[ ] from his amended complaint in its entirety." (Mot. for Prel. Inj. at 6.) "A party seeking a preliminary injunction must demonstrate that he is reasonably likely to succeed on the merits,

that he is experiencing irreparable harm that exceeds any harm his opponent will suffer if the injunction issues, that he lacks an adequate remedy at law, and that the injunction would not harm the public interest." *Coronado v. Valleyview Pub. Sch. Dist. 365-U*, 537 F.3d 791, 794-95 (7th Cir. 2008) (citing *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006)). If this threshold burden is met, the court then "weighs the factors against one another in a sliding scale analysis . . . which is to say the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied." *Id.* at 795 (citing *Christian Legal Soc'y*, 453 F.3d at 859); *see also Joelner v. Vill. of Wash. Park*, 378 F.3d 613, 619 (7th Cir. 2004).

In this case, the plaintiff alleges that, while incarcerated at Columbia Correctional Institution and Green Bay Correctional Institution, the treatment he received for his gastroesophageal reflux disease, tonsil problems, hypoplastic sinus, spinal pain, and urination problems violated his rights. He also alleges that defendant Dr. Heidorn discriminated against him because of his race by not providing him with medical treatment that was provided to a similarly situated white inmate. For relief, the plaintiff seeks compensatory damages, punitive damages, and injunctive relief. At this early stage of the proceedings – the defendants have not yet been served – the plaintiff has failed to show a likelihood of success on the

merits. In addition, the plaintiff's request for injunctive relief very well may be moot given his recent transfer to the Milwaukee County Correctional Facility - South.

The plaintiff was previously advised that he was required to serve the defendants pursuant to Federal Rule of Civil Procedure 4 and the Clerk's Office mailed him a "service packet." It is not clear whether the plaintiff has attempted to complete service. In any case, he will be provided with another service packet. If he is unable to accomplish service on his own as described in the service packet, the plaintiff may request that the court order the United States Marshal to do so. *See* Fed. R. Civ. P. 4(c)(3). Accordingly,

**IT IS ORDERED** that the plaintiff's motion for preliminary injunction (Docket #31) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk's Office send the plaintiff another service packet.

Dated at Milwaukee, Wisconsin, this 14th day of December, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge